**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SHIRLEY BRADY,**

        **Plaintiff,**

  v.                                                              1:19-cv-0558

**LEBANON VALLEY AUTO RACING**
**CORPORATION, and HOWARD**
**COMMANDER,**

        **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


## DECISION & ORDER

### I.    INTRODUCTION

Plaintiff Shirley Brady commenced this diversity action seeking to recover damages for a dislocated fracture to her right shoulder she contends was the result of a fall while crossing a culvert between the parking lot and seating area of the Lebanon Valley Speedway. *See* dkt. 1. On July 23, 2019, the Clerk of the Court entered default against defendants. Dkt. 6. On November 22, 2019, plaintiff moved for default judgment. Dkt. 15. The motion was returnable on December 27, 2019. Plaintiff's counsel asserts that on January 6, 2020, he received a telephone call from defense counsel requesting that plaintiff withdraw her motion. Dkt. 18. Plaintiff's counsel purportedly told defense counsel that plaintiff would not withdraw her motion and that defendants should immediately file

1

whatever papers it deemed appropriate with the court. *Id.* On February 25, 2020, defense counsel filed a letter requesting a court conference concerning the motion. Dkt. 16. A member of the Clerk's Office advised defense counsel that the Court would not schedule a conference in response to the request, and that counsel should file any papers counsel deemed appropriate and necessary. Dkt. 17 at ¶ 11. On June 18, 2020, defense counsel filed papers in opposition to the motion for default judgment and in support of a cross-motion to vacate the entry of default. Dkt. 17. Defense counsel asserts that in light of the COVID-19 pandemic and the resulting shut-down of all nonessential businesses in New York, including defense counsel's law firm, defense counsel submitted his opposition and cross-motion "as expeditiously as possible." *Id.* at ¶ 11. Defendant Commander also submitted an affidavit indicating that he has no recollection of being served with a summons and complaint in this case, and notes that the affidavit of service contains an inaccurate description of the person served because, although it indicates that a male with "black/gray hair" was served, defendant Commander is bald. Dkt. 17-1 at ¶¶ 4-6. On July 8, 2020, plaintiff's counsel submitted a letter requesting that the Court strike defendants' opposition and cross-motion and decide the default judgment motion based on the papers filed as of the return date of that motion. Dkt. 18. The basis of the application to strike is defendants' disregard of court deadlines for responding to the default judgment motion, and the extreme delay by defendants in filing its opposition and cross-motion. *Id.* Plaintiff also argues that defendants' papers are improper because defendant failed to file a notice of motion setting a return date for the cross-motion, included legal arguments in an attorney affidavit in violation of the Local Rules, and failed to file memorandum of law in support of the cross-

motion as required by the Local Rules. *Id.*[1]

## II. DISCUSSION

### a. Default Judgment Motion

Courts within the Second Circuit have repeatedly stated the judicial preference to resolve matters on the merits and not on procedural default. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991); *Nationwide Fire Insurance Company v. Rankin*, 199 F.R.D. 498 (W.D.N.Y. 2001).  By defendants' opposition to the motion for default judgment and their cross-motion to vacate the default, defendants clearly indicate an intention to litigate this case on its merits. Therefore, in light of the judicial preference just mentioned, plaintiff's motion for default judgment is denied.

### b. Cross-Motion to Vacate Default

Although plaintiff objects to defendants' cross-motion on procedural grounds, she has done little to address its merits. This is somewhat understandable in light of the facts surrounding defendants' opposition and cross-motion.  Nevertheless, in an effort to get this case back on track the Court will decide the cross-motion on the basis of the submitted papers.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause[.]"  Fed. R. Civ. P. 55(c).  The decision to set aside an entry of default is "left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good

---

[1]The Court notes that plaintiff did not file a memorandum of law in support of the default judgment motion and included legal arguments in the moving attorney affidavit.

faith of the parties." *Diakuhara*, 10 F.3d at 95.  Still, "because defaults are generally disfavored and reserved for rare occasions, when doubt exists as to whether a default should be . . . vacated, the doubt should be resolved in favor of the defaulting party." *Id.* at 96.  Here, the Court will vacate the entry of default and direct defendants to file an answer within twenty-one (21) days of the date of this Decision and Order.

### III.   CONCLUSION

For the reasons discussed above, plaintiff's motion for a default judgment (dkt. 15) is **DENIED**.  Defendants' cross-motion to vacate the entry of default (dkt. 17) is **GRANTED** and the entry of default (dkt. 6) is **VACATED**.  Defendants are directed to file an answer within twenty-one (21) days of the date of this Decision and Order.  Plaintiff's letter motion to strike defendants' papers in opposition to the motion for default judgment and in support of the cross-motion to vacate the entry of default (dkt. 18) is **DENIED as moot**.

**IT IS SO ORDERED.**

Dated: August 12, 2020

Thomas J. McAvoy
Senior, U.S. District Judge